Singh v. Barr

BIA
A201 292 537

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty.

PRESENT:
  JON O. NEWMAN,
  JOHN M. WALKER, JR.,
  MICHAEL H. PARK,
      *Circuit Judges.*

_____

KARNAIL SINGH,
      *Petitioner,*

  v.                                      19-732
                                          NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:            Karnail Singh, pro se, Richmond Hill, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Karnail Singh, a native and citizen of India, seeks review of a February 22, 2019, decision of the BIA, denying his motion to reopen. *In re Karnail Singh,* No. A201 292 537 (B.I.A. Feb. 22, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen "deferentially for abuse of discretion," finding "such abuse only if the BIA's decision-making was arbitrary or capricious" and "review[ing] the BIA's fact-finding only for substantial evidence." *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (internal quotation marks omitted). In his motion to reopen, Singh asserted that, because the Congress Party had gained power in India, police had arrested and abused his wife in an effort to locate and arrest him on account of his membership in the Sikh-affiliated Akali Dal Mann Party. As support, he submitted his own written statements and general country conditions evidence.

It is undisputed that Singh's 2018 motion was untimely because it was filed more than two years after his removal order became final in 2015. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

"[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (BIA 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) ("[E]vidence submitted by petitioner in support of . . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the

3

IJ's denial of petitioner's underlying asylum application."). The BIA did not err in concluding that Singh's unsworn statement that Indian police had abused his wife in an attempt to locate and arrest him for political reasons and the evidence of general conditions in India failed to overcome the underlying adverse credibility determination. That evidence did not address the findings that formed the basis for the adverse credibility determination—Singh's inconsistent statements regarding his alleged beatings on account of his political activities. *See Kaur*, 413 F.3d at 234; *Matter of F-S-N-*, 28 I. & N. Dec. at 3. Accordingly, because Singh failed to overcome the adverse credibility determination, the BIA did not abuse its discretion in denying his untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); *Kaur*, 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

4